UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CELSO I. DOLMO                                            CIVIL ACTION

VERSUS.                                                   NO. 09-3976

GALIANO TUGS, INC.;                                       SECTION "C" (2)
JAMES DANOS, INC.; and LOUISIANA
INTERNATIONAL MARINE, L.L.C.

ORDER AND REASONS[1]

This matter comes before the Court on motion for summary judgment filed by defendant, Louisiana International Marine, L.L.C. (LIM). Having considered the record, the memoranda of counsel and the law, the Court has determined that the granting of the motion is appropriate for the following reasons.

The plaintiff, Celso Dolmo ("Dolmo"), was allegedly injured while working as a seaman aboard the vessel TODD DANOS on July 3, 2006. He brings suit against Galiano Tugs, Inc. ("Galiano Tugs"), Jamos Danos, Inc. ("James Danos"), and LIM claiming negligence and unseaworthiness under the Jones Act,[2] as well as a claim for failure to provide timely maintenance and cure to the plaintiff.

The parties agree that, under general maritime law and Louisiana law, liability can be imposed on LIM only if it retained and exercised operational control over the independent

---

[1] Kayvon Sarraf, a third year student at Tulane University School of Law, assisted in the preparation of this order and reasons.

[2] 46 U.S.C. § 30104

1

contractor. Landry v. Huthnance Drilling Co., 889 F.2d 1469 (5th Cir. 1989); Zepherin v. Conoco Oil Co., Inc., 884 F.2d 212 (5th Cir. 1989); Ainsworth v. Shell Offshore, Inc., 829 F.2d 548 (5th Cir. 1987), *cert. denied*, 485 U.S. 1034 (1988). The parties disagree, however, whether LIM exercised the requisite operational control over vessel operations to subject it to liability. LIM argues in its motion that it was not the plaintiff's employer, was not the owner of the vessel and did not exercise any operational control over the vessel at the time of the alleged injury.

LIM provides proof by affidavit of Todd Danos, general manager and secretary/treasurer of Galiano Tugs, that Galiano Tugs and James Danos are separate corporate entities, that James Danos is the owner of the M/V TODD DANOS, that Galiano Tugs employs and staffs the vessel, that at all relevant times Dolmo was a payroll employee of Galiano Tugs and that LIM is a separate corporate entity with no joint ownership or operational control over the vessel, but is rather "a long time customer of JAMES DANOS, INC., and based on availability, sometimes charters its vessel to fulfill it (sic) own contractual commitments." (Rec. Doc. 6, Exh.). LIM also provides the Texas state court deposition testimony of Peter Finstadt ("Finstadt"), Vice President of LIM, to the effect that LIM has no personnel assigned to work with James Danos or Galiano Tugs, no joint ownership interests with those entities, that those entities are normally engaged as subcontractors and that LIM had no responsibility with regard to the vessel. (Rec. Doc. 6, Exh.). Finstadt's deposition corroborates Todd Danos' affidavit in that Galiano Tugs and James Danos are separate corporations from LIM and that LIM exercised no control over the M/V TODD DANOS.

Plaintiff opposes the motion by relying on a Texas state court deposition from Steve Comeaux ("Comeaux"), the captain of the M/V TODD DANOS on the date of the alleged injury.

2

Comeaux testified that "the different companies together, we work under Louisiana International Marine," that LIM is the broker, that either "them or Galiano Tugs gets their jobs," that the boats "operating together" "are doing the business of Louisiana International Marine" and that Comeaux had "always written my logs as – goes under Louisiana International Marine." (Rec. Doc. 15, Exh. A, p. 19). This testimony, however, fails to establish or raise a genuine issue of material fact that LIM exercised the requisite operational control to be subject to liability. It merely confirms that LIM is a general contractor that hires Galiano Tugs and James Danos as a commercial time charter for temporary work.

Plaintiff further argues that the motion should be denied under the rules of collateral estoppel and *res judicata* because of a motion for summary judgment that was denied in Texas state court. The Court is not persuaded that the motions are identical, nor that the evidence in support was the same.

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by Louisiana International Marine, L.L.C. is GRANTED. (Rec. Doc. 6).

New Orleans, Louisiana, this 28th day of September, 2009.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE