UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CELSO I. DOLMO                                                    CIVIL ACTION

VERSUS                                                            NO. 09-3976

GALLIANO TUGS, INC., ET AL                                        SECTION "C" (2)

ORDER AND REASONS

This matter comes before the Court on motion to dismiss defendants' counterclaim pursuant to Fed. R. Civ. P. 12(b)(6) filed by the plaintiff.  Rec. Doc. 140.  Having considered the record, the memoranda of counsel and the law, the Court has determined that the counterclaim is subject to dismissal for the following reasons.

In this personal injury suit brought under the Jones Act and general maritime law, the defendants, Galiano Tugs, Inc. and James Danos, Inc., filed a compulsory counterclaim alleging that the plaintiff's accident was "fabricated" and seeking the recovery of costs and attorney's fees "in excess of $225,000.00, needlessly defending themselves against fraudulent, groundless litigation, in Texas state court, and in this Court ... together with appropriate general damages and punitive damages."  Rec. Doc. 7, at ¶ 3.  Trial was continued on two occasions, in part because of the Court's continuing concern as to the legal basis for the counterclaim.  Rec. Docs.  131, 79.  This

motion is addressed, in part, to the viability of that counterclaim.

The plaintiff first argues that the defendants' claims are "facially invalid" based on a lack of evidence, which argument is unavailing. Rec. Doc. 140 at 3-6. It also argues that La. Civ. Code art. 1953 is "legally inapplicable" because of its reference to contract; this argument does not address the fundamental proposition that the employment relationship between the parties is contractual and maintenance and cure claims have been recognized as based in contract. Rec. Doc. 140 at 7. *See generally Atlantic Sounding Co., Inc. v. Townsend*, 129 S.Ct. 2561, 2574 (2009); *Jauch v. Nautical Services, Inc.*, 470 F.3d 207 (5th Cir. 2006). Next, the plaintiff argues that the "factually invalid" defense afforded by *McCorpen v. Central Gulf Steamship Corp.*, 396 F.2d 547 (5th Cir. 1968) provides no cause of action to the defendant. Rec. Doc. 140 at 7-9.

The defendants argue in opposition that they have no legal liability at all to the plaintiff under the Jones Act or general maritime law because the accident did not occur, which prompted the "defenses" including fraud and the *McCorpen* defense. Rec. Doc. 143 at 4. They also argue that they are entitled to damages from the plaintiff for fraud and misrepresentation, based on La. Civ. Code arts. 2315 and 1953, standing alone and "adopted law for the civil side (Jones Act) and Admiralty side (GML) in federal court." Rec.Doc. 143 at 5. They argue that *McCorpen* defense is properly invoked as a

defense "and in partial factual support for the legal bases for the counter-claims..." Rec. Doc. 143 at 7.

The Court will address the legal issue whether or not the defendants can counter-claim against the seaman plaintiff for fraud and misrepresentation and recover as damages attorney's fees and costs attendant to their legal representation. The Court's research has uncovered no case extending the *McCorpen* defense into such an affirmative counterclaim or otherwise recognizing the viability of such a claim.

The case of *Patterson v. Allseas USA*, 145 Fed.Appx. 969 (5th Cir. 2005), offers guidance. In that Jones Act/general maritime law case, the defendant asserted a counterclaim based on *McCorpen* to recover the maintenance and cure payments already disbursed to the plaintiff. The district court dismissed the counterclaim. On appeal, the Fifth Circuit found "the issue of whether a shipowner may affirmatively recover maintenance and cure payments it makes to a seaman if the shipowner makes these payments before learning of the seaman's deceptive conduct was not before the court in *McCorpen*, and we have not located a published appellate decision addressing this issue." *Id.* at *970.*[1] The Fifth Circuit "decline[d] to decide this difficult *res nova*

---

[1] It would appear that in the unpublished opinion in *Vitcovich v. Ocean Rover O.N.*, the Ninth Circuit held upheld a counterclaim for reimbursement of maintenance and cure payments without discussion of the underlying issue pertaining to the counterclaim's viability.

issue on this record." *Id.* at 971.[2]

Recently, Judge Lemelle of this Court recognized the viability of extending the *McCorpen* defense to a right of action for restitution of maintenance and cure payments under limited circumstances. *Boudreaux v. Transocean Deepwater, Inc.*, 2011 WL 5025268 (E.D.La.). In so doing, Judge Lemelle declined the defense invitation to apply Louisiana law to the counterclaim, and noted that "wilful assertion of a frivolous claim would also warrant financial sanctions against the Plaintiff himself." *Id. at *6*

In allowing the filing of the counterclaim, Judge Lemelle had found some support in other decisions. *Boudreaux v. Transocean Deepwater, Inc.*, 2010 WL 2671827 (E.D.La.). Other courts have varied in outcome, however. One Louisiana appellate court's recent research revealed a lack of authority "that a cause of action exists for an employer to claim restitution of maintenance and cure payments from a seaman." *Cotton v. Delta Queen Steamboat Co., Inc.*, 36 So.2d 262, 270 (La. App. 4th Cir. 2010). This

---

[2]Earlier cases yielded different conclusions. *See Kirk v. Allegheny Towing Inc.*, 620 F.Supp 458, 461 (W.D.Pa. 1985)(counterclaim against non-seaman to recover maintenance and cure claims based on unjust enrichment "one of first impression" and dismissed based on United States Supreme Court's "unwillingness to impose the burden of restitution upon the employee."); *Bergeria v. Marine Carriers, Inc.*, 341 F.Supp. 1153, 1154 (E.D.Pa. 1972)(counterclaim looking for recovery of maintenance and cure procured by fraud cognizable in admiralty but acknowledging "[w]hile we have found cases from which to draw instruction, we can find no reported case governing the precise issues involved.").

Court shares that concern.

This Court also recognizes that the issue of the recovery of maintenance and cure payments from a plaintiff is not the exact issue here.  However, that issue presents in lesser form some of the same fundamental problems inherent in this counterclaim, which is aimed at the plaintiff's Jones Act and unseaworthiness claims as well.  The problems with the potential ramifications of recognizing this counterclaim for fraud are exponentially enhanced from those associated with the mere repayment of maintenance and cure.  The Court finds that the threat of being sued for fraud in response to a seaman's personal injury claim seriously undercuts the historical rationale and the very deference the admiralty gives its wards of the court.  Not only does the risk of facing such a counterclaim remain unrecognized in any reported case, but its recognition will cause attorneys to refuse to represent injured seamen.   It should be emphasized that the plaintiff here is facing this counterclaim despite the fact that his claim is supported with some medical evidence and the fact that the defendants are fully entitled armed with their *McCorpen* defense at trial.

An additional and compelling complication presented with these defendants' counterclaim lies in the defendants' prayer for the recovery of the attorney's fees and costs expended in association with the defense of the plaintiff's lawsuit.   Ample

opportunity for briefing has been afforded counsel to justify such an recovery, and no legal authority, meaningful legal discussion or other interest in analyzing the issue has been shown by counsel.  This Court is not willing to be the first to subject a jury to such an unexamined award on such an unsupported claim.

More recently, Judge Lemelle certified his ruling in *Boudreaux* under 28 U.S.C. § 1292(b) and Fed. R. Civ. P. 54(b) on joint motion of the parties.  *Boudreaux. v. Transocean Deepwater, Inc.*, Civ. Act. 08-1686, Rec. Doc. 77 (Dec. 7, 2011).   Considering that the *Boudreaux* issue soon will be presented to the Fifth Circuit, the underlying relatedness of the issue presented in that case to the one presented herein, and that common counsel is shared by the plaintiffs in both cases, certification under Rule 54(b) is especially appropriate on this counterclaim.  Trial is not set until June 2012.   The Court finds that there is no just reason for delay and will order entry of judgment dismissing the counterclaim.[3]

Accordingly,

IT IS ORDERED that motion to dismiss defendants' counterclaim pursuant to Fed. R. Civ. P. 12(b)(6) filed by the plaintiff is GRANTED.  Rec. Doc. 140.

---

[3]It appears that the plaintiff has abandoned any claim that the counterclaim for fraud lacks sufficient particularity for purposes of Fed. R. Civ. P. 9(b), the Court does not address the "work product" argument made by the defendants.

IT IS FURTHER ORDERED that judgment be entered dismissing the defendants' counterclaim with prejudice under Fed. R. Civ. P. 54(b).

New Orleans, Louisiana, this 27th  day of December, 2011.


                                           HELEN G. BERRIGAN
                                           UNITED STATES DISTRICT JUDGE